**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **AMANDA R. PARKER,** | **CIVIL ACTION NO. 6:24-51-KKC** |
|     **Plaintiff,** | |
| **v.** | <u>**OPINION AND ORDER**</u> |
| **FRANK BISIGNANO,** | |
| **COMMISSIONER OF SSA,** | |
|     **Defendant.** | |

*** *** ***

Plaintiff Amanda R. Parker brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). The Court cannot reverse the ALJ "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter, Commissioner of Social Security*, 246 F.3d 762, 772 (6th Cir.2001). If the ALJ's decision is supported by substantial evidence, it must be affirmed, even if this Court would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981).

In denying Parker's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Parker, who was 40 years old at the time of the her most recent hearing before the ALJ (Administrative Record ("AR") 66), has not engaged in substantial gainful activity since August 31, 2019. (AR 25.)

At step two, the ALJ determined that Parker suffers from the following severe impairments: substance abuse disorder, obesity, asthma, degenerative disc disease, degenerative joint disease, diabetes mellitus, anxiety, depression, and posttraumatic stress disorder. (AR 25.)

At step three, the ALJ found that Parker does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 26.)

Before proceeding to step four, the ALJ determined that Parker has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R. 404.1567(b) with certain qualifications. (AR 29.) Light work is defined as involving:

> Lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b)

The qualifications at issue are those that addressed Parker's psychological impairments. The ALJ determined that, due to those impairments, Parker can "understand, remember and carry

out simple instructions"; can have "no more than occasional interaction with co-workers, supervisors, and the general public"; and can have "no more than occasional changes in the workplace setting." (AR 29.)

At step four, the ALJ determined that Parker is unable to perform any past relevant work. (AR 45.)

At step five, the ALJ determined that, considering the RFC described above and Parker's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that she can perform and, thus, she is not disabled. (AR 46.)

Parker makes only one argument in her brief. She argues that the ALJ erred in discounting a particular portion of the opinion of Dr. Greg V. Lynch, a licensed clinical psychologist. (AR 1203-07.) Dr. Lynch opined that that Parker had "slight limitations" in her "capacity to understand, remember, and carry out instructions towards performance of simple repetitive tasks" and in her "capacity to sustain attention and concentration towards performance of simple repetitive tasks." (AR 1207.) He opined that Parker had "moderate limitations" in her "ability to tolerate stress and pressure of day-to-day employment." Finally, he opined that Parker had "moderate to marked limitations" in her "capacity to respond appropriately to supervision, coworkers, and work pressures in a work setting." (AR 1207.)

The ALJ found Dr. Lynch's opinion that Parker's mental health impairments caused, at most, moderate limitations in her ability to do work was supported by the record. He determined, however, that neither Dr. Lynch's exam findings nor the "medical evidence as a whole" supported Dr. Lynch's opinion that Parker had as much as "marked" limitations in her "capacity to respond appropriately to supervision, coworkers, and work pressures in a work setting." (AR 42.) This is the only portion of the ALJ's opinion that Parker challenges.

3

Parker argues that the ALJ did not explain how he considered the factors of supportability and consistency in discounting this portion of Dr. Lynch's opinion.  The ALJ explained, however, that the opinion that Parker had anything more than moderate limitations in her mental capacity to perform work-related functions was not supported by Dr. Lynch's exam findings (AR 38) and was not consistent with the "medical evidence as a whole," which showed that Parker had responded positively to "psychiatric treatment through June 2021 and had consistently denied depressive symptoms through 2022." (AR 42.)

As to Dr. Lynch's exam findings, the ALJ noted that Parker had "neat and appropriate clothing with normal grooming" during the exam. (AR 37.) Further, "[s]he maintained normal eye contact," was responsive and was "adequately cooperative." (AR 38.) Her thought content was appropriate. The ALJ found these findings, among others, did not support more than moderate limitations on her ability to respond appropriately to others and pressures in a work setting.

As to consistency, the ALJ cited medical evidence in the record (*id.* citing 12F, 13F, 14F, 15F, 20F, 24F, and 25F) and discussed that evidence in detail (*see, e.g.* AR 36-40, 41-42.) The ALJ concluded that the restrictions set forth in the RFC were consistent with Parker's "positive response to formal behavior health treatment through June 2021, the lack of formal behavioral health treatment since this time, the denials of depressive symptoms to multiple providers since October 2021, and the generally normal physical and psychiatric exam findings during treatment since October 2021 through 2023." (AR 45.)  Parker does not argue that this characterization of the medical evidence is inaccurate.

The ALJ also considered Parker's own testimony that she had not had mental health treatment from a specialist since 2021. (AR 29)

4

In determining that marked limitations in Parker's ability to respond appropriately to others and pressures in a work setting were not consistent with the record, the ALJ also noted that Parker reported she had "sufficient mental activity to care for herself, perform a wide range of household chores, independently operate a motor vehicle, use computer equipment, and shop in stores for various items." (AR 26.) The ALJ also considered Parker's presentation at the hearing, noting that she was "polite" and had "no problems communicating at all." She "was a good historian of the medical history[] and was socially engaging with a pleasant and professional demeanor." The ALJ found that her "answers to specific questions were all responsive, well thought out, and appropriate." (AR 27.)

Moreover, in calculating the RFC, the ALJ did account for limitations in the ability to do work caused by Parker's mental health condition. Among the qualifications in Parker's ability to do "light work," the ALJ determined that she could have "no more than occasional interaction with co-workers, supervisors, and the general public" and "no more than occasional changes in the workplace setting."  He determined that her "positive response to counseling and her generally normal exam findings" did not support any greater restrictions. (AR 37.) In her brief, Parker does not explain what greater limitations the ALJ should have placed on her ability to work. Nor does she cite any evidence in the record that require greater limitations.

For all these reasons, the Court hereby ORDERS Plaintiff Amanda R. Parker's request that the Court vacate the ALJ's decision and remand this matter to the agency for further proceedings (DE 10) is DENIED. The Court will enter judgment affirming the Commissioner's decision.

This 14th day of August, 2025.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

5